# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **CAUSE NO. 1:16CR73-LG-JCG**

**MILAD REZAEI KALANTARI**

## ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [33] Motion for Compassionate Release filed by the defendant, Milad Rezaei Kalantari. The Government has filed a response in opposition to the Motion, to which Kalantari filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Kalantari's Motion should be denied.

## DISCUSSION

On October 6, 2016, Kalantari entered a plea of guilty to (count one) conspiracy, in violation of 18 U.S.C. § 371, and (count two) trafficking in one or more unauthorized access devices, that is, credit and debit card information of individuals, in violation of 18 U.S.C. § 1029. On March 9, 2017, the Court sentenced Kalantari to 60 months for count one and 120 months for count two, to be served concurrently. The Court also ordered a total restitution of $36,579,901.56 with interest waived, supervised release for three years, and a special assessment of $100 for both counts. He is currently housed at the Federal Transfer Center in Oklahoma City, Oklahoma, and is scheduled to be released on June 27, 2024.

On September 21, 2020, Kalantari filed a *pro se* Motion for Sentence Reduction, expressing remorse for the decisions he has made in the past and claiming that his prison sentence is too long, especially because he has no family or support here in the United States. He also claimed that due to the COVID-19 pandemic, he was afraid to get sick and die in prison. *Id.* at 2. The Court denied Kalantari's motion on October 26, 2020. (*See* Order, ECF No. 31).

Thereafter, on August 17, 2021, Kalantari filed the instant [33] Motion for Compassionate Release. In his Motion, he expresses the same remorse for his past decisions as explained in his motion for sentence reduction. Kalantari further argues that, during his incarceration, he has experienced discrimination which led him to being housed with violent offenders, even though his charge was a "non-violent or white collar crime." (Def.'s Mot., at 2, ECF No. 33). The bias, discrimination, and xenophobia against him has allegedly increased his hardship while in prison. (*See id.* at 3). He additionally contends that the following factors amount to "extraordinary and compelling reasons" justifying release: (1) lack of family support in the United States; (2) the inability of family to visit him in prison; (3) inequity in the law, *i.e.*, Kalantari is forced to pay $1 a minute per phone call while domestic calls cost 6 or 21 cents per minute; and (4) the fact that he is imprisoned in a foreign country. (*See id.* at 3-4). In sum, Kalantari maintains that he is not a threat to the public and that he has demonstrated good behavior in prison. (*See id.* at 4-5). The Court notes that Kalantari makes no claim that he suffers from a medical condition but does cite the risk of COVID-19 within the

facilities where he is being housed as warranting compassionate release. (Def.'s Reply, at 7, ECF No. 44). The Government objects to Kalantari's Motion on its merits,[1] emphasizing that Kalantari is fully vaccinated.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under Fifth Circuit precedent, the Court must consider whether factors, including those outside the U.S.S.G. § 1B1.13 policy statement—which proves to be a helpful guidance, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)—constitute "extraordinary and compelling" reasons justifying a reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

As an initial matter, Kalantari cites alleged bias, discrimination, and xenophobia against him as "extraordinary and compelling" reasons justifying release. He cites no authority finding that such contentions constitute extraordinary and compelling reasons warranting release, and the Court declines to make such a finding. To the extent that Kalantari challenges his treatment while in prison, a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is not the proper vehicle to do so.

---

[1] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

Moreover, any generalized COVID-19 concerns and financial and familial hardship that are common to a prison sentence are neither "extraordinary" nor "compelling." *See Thompson*, 984 F.3d at 435; *see also United States v. Douglas*, No. 10-173, 2021 WL 1248353, at *1 (E.D. La. Mar. 22, 2021) (finding that "financial and familial hardships that are equally common to those serving lengthy prison sentences . . . are rather unmarketable" reasons justifying release). The Court is aware of Kalantari's plight of being a foreign national imprisoned in this country but notes that approximately 16% of prisoners are non-citizens of the United States. *See* Federal Bureau of Prisons, *Inmate Citizenship*, https://www.bop.gov/about/statistics/statistics_inmate_citizenship.jsp (last visited Nov. 5, 2021). His claims are hardly "extraordinary" and "compelling."

The Government further argues that Kalantari has received both doses of the Pfizer COVID-19 vaccine, the first dose being administered on April 29, 2021, and the second dose on May 20, 2021. (*See* Gov.'s Resp., at 11, ECF No. 39). Courts in this Circuit have found that COVID-19 vaccines "'keep you from getting and spreading the virus that causes COVID-19,'" and "'also help keep you from getting seriously ill even if you do get COVID-19.'" *United States v. White*, No. 11-287, 2021 WL 3021933, at *4 (E.D. La. July 16, 2021) (quoting Centers for Disease Control & Prevention, *Benefits of Getting COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019ncov/vaccines/vaccine-benefits.html (last updated Nov. 4, 2021)). Therefore, the Court finds that Kalantari's claims are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Kalantari was convicted of the two counts listed against him in the indictment. Despite Kalantari's criminal history category of I and total offense level of 39, (*see* PSR, at ¶¶ 167, 170, at 40-41, ECF No. 20), Kalantari was cited over $39 million in restitution. The United States Probation Office reports that Kalantari has paid a total of $350 of his $39 million restitution since November 2017. *See* 18 U.S.C. § 3553(a)(7). The Court recognizes that Kalantari is remorseful for his decisions and commends his good behavior while incarcerated. (*See* Mot., at 4, ECF No. 33; *see also* Ex. 2, ECF No. 44-2). However, requiring Kalantari "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)(A), (B). For all these reasons, the Court finds that a reduction in Kalantari's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [33] Motion for Compassionate Release filed by the defendant, Milad Rezaei Kalantari, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of November, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE